# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0485V

| | |
|---|---|
| JEREMY HERSHBERGER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 7, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Katherine Edwards, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

　　On April 7, 2023, Jeremy Hershberger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered brachial neuritis resulting from a tetanus diphtheria acellular pertussis ("Tdap") vaccine received on October 11, 2021. Petition at 1. Petitioner further alleges he received the Tdap vaccine in the United States, his injury lasted longer than six months, and neither Petitioner, nor any other party, has ever received compensation in the form of an award or settlement for his vaccine-related injury. Petition at ¶¶ 1, 11, 12; Ex. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On May 3, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "petitioner's alleged injury is consistent with BN [brachial neuritis] as defined by the Vaccine Injury Table. Specifically, the medical evidence demonstrates that petitioner's brachial neuritis first manifested between two and twenty-eight days of his receipt of the Tdap vaccine, petitioner received a clinical diagnosis of brachial plexopathy and Parsonage-Turner syndrome, the findings of petitioner's EMG were consistent with brachial neuritis, and no other condition or abnormality has been identified to explain petitioner's symptoms." *Id.* at 6. Respondent further agrees that Petitioner's brachial neuritis and its sequela, including pain and weakness, persisted for greater than six months, the case was timely filed, the vaccine was received in the United States, and Petitioner satisfies the statutory severity requirement by suffering the residual effects of complications of his injury for more than six months after vaccine administration. *Id.* Respondent notes that Petitioner has also averred that neither he nor any other party has initiated a civil action to recover for his vaccine-related injury, or received any compensation in the form of an award or settlement for his injury, and thus entitlement to compensation is appropriate. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master